**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PETRA R.H.,

Petitioner,

v.

TROY SCHILLING, Administrator, Crow Wing County Jail; DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and TODD BLANCHE, Acting Attorney General of the United States, in their official capacities,

Respondents.

Case No. 26-CV-3077 (NEB/JFD)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Petra R.H.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Petra R.H. is a citizen of Mexico who has lived in the United States since she arrived as a minor child in 1994—more than thirty years. (*Id.* ¶ 2, 23.)

In September 2014, Petra R.H. was granted deferred action under the Deferred Action Childhood Act ("DACA"). (*Id.* ¶ 3.) She has regularly renewed her DACA grant ever since. Petra R.H. filed her most recent application for renewal in November 2025, which is still pending; in the meantime, her grant expired on December 19, 2025. (*Id.* ¶¶ 3, 24.) Petra R.H. has two children, ages nineteen and three, both of whom are United States citizens. (*Id.* ¶ 23.)

On June 22, 2026, Immigration and Customs Enforcement ("ICE") initiated removal proceedings by filing and serving a Notice to Appear; served a Form I-200 warrant upon arrest; and took Petra R.H. into custody. (*Id.* ¶ 1; ECF No. 8-1 ¶¶ 13–14.) She was arrested a few days earlier on a domestic assault charge, and county officials turned her over to ICE. (Pet. ¶ 25.) Petra R.H. is currently detained at Crow Wing County Jail. (*Id.* ¶ 28.)

Petra R.H. filed a habeas action challenging her detention, asserting constitutional, regulatory, and statutory grounds for relief. (*Id.* ¶¶ 69–91.) Because Petra R.H.'s detention violates due process, the Court grants the petition in part and orders Respondents to provide a bond hearing.

**ANALYSIS**

## I. Verification of Petition

A petition for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in [her] behalf." 28 U.S.C. § 2242. A person action on behalf of the petitioner might sign and verify the petition due to, among other things, the petitioner's inaccessibility. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Respondents contend that Petra R.H.'s petition was not properly verified because it was signed by her attorney, without explanation of why Petra R.H. could not review and verify the petition. (ECF No. 8 at 4.) According to Respondents, Petra R.H.'s failure to verify her petition resulted in the misrepresentation that she had a valid, unrevoked DACA grant. (*Id.*)

The Court will not deny Petra R.H.'s petition "simply because it lacks [her] John Hancock." *Vu V.L. v. Mullin*, No. 26-CV-2947 (LMP/JFD), 2026 WL 1893611, at *3 (D. Minn.

July 1, 2026). Facing time constraints and limited client access, counsel verified the petition on Petra R.H.'s behalf to secure an emergency injunction against her transfer. (ECF No. 9 at 3–4.) Many courts have accepted petitions verified by counsel in similar circumstances. *E.g.*, *Vu V.L.*, 2026 WL 1893611, at *3; *Victor P. v. Blanche*, No. 26-CV-3217 (JMB/SGE), 2026 WL 2110732, at *2 n.4 (D. Minn. July 22, 2026). And although the petition misstates that Petra R.H. has a valid DACA grant (Pet. ¶ 27), it acknowledges elsewhere that her DACA grant expired in December 2025 (*id.* ¶ 24). Thus, the Court will assess the petition on its merits.

## II. Statutory Basis for Detention

The Immigration and Nationality Act ("INA") provides that the government "shall" detain a noncitizen who is "an applicant for admission" during removal proceedings if the noncitizen "is not clearly and beyond a doubt" entitled to admission. 8 U.S.C. § 1225(b)(2)(A). A noncitizen can be subject to mandatory detention under this provision "simply by being 'present in the United States' while having 'not been admitted.'" *Avila v. Bondi*, 170 F.4th 1128, 1135 (8th Cir. 2026) (citation omitted).

Petra R.H. argues that she is not subject to mandatory detention because she was previously a DACA recipient.[1] But DACA provides for a "temporary forbearance from

---

[1] Also, in her reply, Petra R.H. argues that Respondents invoked 8 U.S.C. Section 1226(a) as the basis for detention in the Form I-200 warrant issued at her arrest. This appears to be a viable alternative basis for relief; courts have granted habeas petitions in similar contexts. *See, e.g.*, *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3–4 (D. Minn. Apr. 30, 2026); *see also Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1093) ("[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself."). But because the Court grants the petition on constitutional grounds, it does not reach this question.

removal" and "does not confer any right or entitlement to remain in or reenter the United States." 8 C.F.R. § 236.21(c)(1); *see also Resendiz v. Exxon Mobil Corp.*, 72 F.4th 623, 625 (4th Cir. 2023) ("DACA does not provide recipients with legal immigration status. It only defers any enforcement action."). Thus, Petra R.H. has not been "admitted" to the country and may be properly detained under Section 1225(b)(2)(A). *See Avila*, 170 F.4th at 1133 ("Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." (citation omitted)).

## III. Due Process

The Court has already concluded that petitioners similarly situated to Petra R.H. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[2] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Petra R.H. *Felipe S.P.*, 2026 WL 1911656, at *4.

As in *Felipe S.P.*, the Court assesses Petra R.H.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Id.* at *7. This

[2] Likewise, the Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)).

framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

***Private interest.*** Petra R.H.'s interest in being free from detention is fundamental and essential to her liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). After living in the United States for more than thirty years, Petra R.H. has well-established connections to this country: She has two children who are United States citizens, and she was a DACA recipient for eleven years.[3] (Pet. ¶¶ 3, 23–24.) These deep roots strengthen her private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country"). The first *Mathews* factor weighs heavily in Petra R.H.'s favor.

***Risk of erroneous deprivation.*** Petra R.H.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Petra R.H. without an individualized bond hearing assessing her flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v.*

---

[3] Petra R.H.'s private interest is further strengthened by the fact that her pending DACA renewal application cannot be approved while she is in detention. 8 C.F.R. § 236.23(a)(2).

*Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). Section 1225(b)(2) does not provide Petra R.H. any procedure to challenge whether her detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial.[4] For more than ten years, Petra R.H. has cleared the comprehensive background and security checks that come with "DACA's strict vetting process." *Castro v. Raycraft*, 824 F. Supp. 3d 646, 653–54 (W.D. Mich. 2026). Although Petra R.H. was arrested on a domestic assault charge, Respondents do not contend that she poses a security risk. (And she has not been convicted on the charge.) In fact, Respondents fail to make any argument that Petra R.H. would remain detained even if given a bond hearing. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Petra R.H.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete.") (citation modified). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Petra R.H.'s private interest and the risk of erroneous deprivation. Respondents contend that there are over three million cases currently pending in immigration court, but they fail to articulate the burden of providing Petra R.H. a bond

[4] Contrary to Respondents' argument, Petra R.H.'s underlying removal proceedings do not reduce the risk of erroneous deprivation here. While that process may protect her against erroneous removal, it does nothing to protect against erroneous detention.

hearing in any concrete or meaningful way. (ECF No. 8 at 24–25.) Nor is it obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Petra R.H.'s strong private interest. *Id.*

Although Respondents' interest here is great, providing Petra R.H. a bond hearing imposes a minimal burden. And Petra R.H.'s private interest and the risk of erroneous deprivation of that liberty interest are significant. On balance, the *Mathews* factors weigh in favor of Petra R.H., and due process requires that she receive a bond hearing. The Court therefore grants her petition in part, and orders that Respondents provide a bond hearing.

In reaching this conclusion, the Court does not predict the ultimate outcome of Petra R.H.'s bond hearing. It does not decide whether Petra R.H. is or is not a flight risk or whether she does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Petra R.H. a process by which to contest those determinations. Without it, her detention violates the Fifth Amendment.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Petra R.H.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART; and

2. Respondents are ordered:

   a. To provide Petra R.H. with a bond hearing no later than August 5, 2026;

   b. That any decision to retain Petra R.H. in custody following the bond hearing must set forth the reasons for her continued detention;

3. Respondents are further ordered that, should the bond hearing result in Petra R.H.'s release, they must release her from custody:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel; and

   c. With all Petra R.H.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

4. The remainder of Petra R.H.'s Petition is DENIED WITHOUT PREJUDICE; and

5. Petra R.H.'s Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 31, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge