**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PETRA R.H.,

Petitioner,

v.

TROY SCHILLING, Administrator, Crow Wing County Jail; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

Case No. 26-CV-3077 (NEB/JFD)

ORDER ON MOTION TO ENFORCE JUDGMENT

---

On July 31, 2026, the Court granted Petra R.H.'s habeas petition on due process grounds and ordered a bond hearing before an immigration judge ("IJ"). (ECF No. 10.) Although Respondents provided a bond hearing, the IJ denied bond for lack of jurisdiction under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). (ECF No. 12-1.; ECF No. 14-4.) Now, Petra R.H. requests that the Court enforce its July 31 order and release her from ICE custody. (ECF No. 12.)

For their part, Respondents contend that they complied with the Court's order: Petra R.H. received a bond hearing, and the IJ's order set forth the reasons for her continued detention. (ECF No. 14.) Because the IJ failed to conduct an individualized assessment of Petra R.H.'s circumstances, the proceeding was a bond hearing in name only. As the Court explained in its July 31 order, constitutional due process requires that

Respondents provide Petra R.H. with an opportunity to contest whether concerns about flight risk or public safety justify her detention. (ECF No. 10 at 7.)

Respondents further argue that the Court lacks jurisdiction to review the IJ's bond order. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding detention of any alien or the revocation or denial of bond or parole."). Because the Court does not review the outcome of the IJ's decision to deny bond but merely the constitutional adequacy of the process afforded to her, Section 1226(e) does not strip the Court of jurisdiction. *E.g.*, *Mejia v. Bondi*, No. 26-1592, 2026 WL 752560, at *3 (D.N.J. Mar. 17, 2026) ("[W]hile this Court may not substitute its own judgment for that of the immigration judge or reweigh the evidence presented at the bond hearing, it retains authority to determine whether the procedures employed comported with the requirements of due process and whether the resulting custody determination reflects the individualized assessment required by governing law."); *Reyes Vargas v. Warden*, No. 26-CV-11740 (AK), 2026 WL 1453510, at *3 (D. Mass. May 22, 2026) (collecting cases).

The Court reiterates that the July 31 order granted Petra R.H.'s petition on constitutional, not statutory, grounds. Even though Congress has authorized mandatory detention through Section 1225(b)(2)(A), "the Constitution, not legislation, sets the floor for due process." *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *9 (D. Minn. July 2, 2026). Respondents failed to provide Petra R.H. with constitutionally adequate process—that is, an individualized assessment of the justification for her detention—in violation of this Court's order. Thus, the Court orders Petra R.H.'s immediate release.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion to Enforce Judgment (ECF No. 12) is GRANTED.

2. Respondents are ORDERED to release Petitioner from custody by August 21, 2026. She must be released:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel (Paschal O. Nwokocha; paschal@paschal-law.com; 612-465-0060); and

    c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys.

3. Respondents shall file a status update with the Court acknowledging the release of Petitioner with her personal effects.

Dated: August 18, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge